UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS, | CASE NO. C23-6086 BHS |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE, et al., | |
| Defendants. | |

THIS MATTER is before the Court on pro se plaintiff Tiffany Recinos's application for leave to proceed *in forma pauperis*, Dkt. 1, supported by her proposed complaint, Dkt. 1-1.

Recinos seeks to assert claims against the Washington State Superior Court and Insurance Commissioner Mike Kreidler.[1] Dkt. 1-1. Her complaint is difficult to follow. She asserts that, on February 3, 2023, the Superior Court held secret hearings in two cases, and that she accidentally showed up to file paperwork and no one would let her

---

[1] Recinos has attempted to sue Kreidler in perhaps half of her 36 cases, though his connection to the conduct of which she complains is unclear. She makes no factual assertions about Kreidler's conduct in this case.

ORDER - 1

into the hearing. She claims the District Court (perhaps this court) "took records" and is denying her transcripts. Dkt. 1-1 at 5. Recinos seeks "$3.25 million USD pain and suffering and unpaid work related to the court dealings held illegally in secret!" She asks the Court to terminate the employment of all who attended the secret hearing. *Id*.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted[.]" *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

Even if a plaintiff is indigent, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Recinos has failed to invoke this Court's subject matter jurisdiction. There is no diversity of citizenship; the parties are all citizens of Washington. Recinos has not plausibly stated a claim under the Constitution or some other federal statute; her claim is based on "pursuit of happiness." Dkt. 1-1 at 3.

Recinos has also failed to articulate a plausible claim for relief against any defendant; her claims and factual allegations are nonsensical. This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *accord Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

1 | The corrective for any impropriety in a state court action is a motion in state court, or an appeal to the state appeals court of any adverse judgment. This Court has no ability to fire state court employees, or attorneys who attended some state court hearing. The Court has no jurisdiction over Recinos's claims, and she has failed to state a plausible claim as a matter of law. There is nothing Recinos could change or add, consistent with the allegations she has already made, that would state a plausible claim in this Court. Recinos's claims are facially without merit.

Recinos's motion for leave to proceed *in forma pauperis* is **DENIED**. The case is **DISMISSED without prejudice** and **without leave to amend**. The Court will not entertain further filings in this case, other than a notice of appeal of this Order.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 5th day of December, 2023.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4